**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

QUINTON HARRIS                                                    PETITIONER
ADC #89321

v.                              Case No. 4:20-cv-00180-BRW-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                  RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Bill Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is Respondent's Motion to Dismiss (Doc. No. 8) this 28 U.S.C. § 2244 habeas action filed by Petitioner, Quinton Harris, an inmate in the Arkansas Department of Correction (ADC).  Before addressing Respondent's motion, the Court will review the procedural history of the case.

Procedural History

An Arkansas County jury sentenced Harris to serve sixty years and fifteen years respectively for the rape and first-degree terroristic threatening of his aunt, Evelyn Dean Watson.  On appeal to the Arkansas Court of Appeals, Harris argued (1) there was insufficient evidence upon which to sustain convictions for either charge, and (2) the trial

court erred in permitting the State to amend the criminal information on the day of trial. On November 14, 2012, the Arkansas Court of Appeals affirmed the trial court, finding no valid basis upon which to reverse the convictions. *Harris v. State*, 2012 Ark. App. 651 (2012).

Petitioner admits he never filed for post-conviction relief, although he did hire an attorney to review his case. Counsel advised him he had no meritorious ineffective-assistance-of-counsel claim, and at best, he could potentially use the alleged recanted testimony of family members who lied at trial to bolster release at a future parole hearing or to obtain a new trial (Doc. No. 2, pp. 102-103).

On February 20, 2020, Petitioner filed the instant habeas petition(Doc. No. 1) and brief in support (Doc. No. 2). In it, Petitioner argues (1) there is insufficient evidence upon which to sustain convictions for either charge; (2) trial counsel erred in permitting the State to amend the criminal information the day of trial; (3) Petitioner is actually innocent of the offense; (4) trial counsel and appellate counsel rendered ineffective assistance of counsel. Petitioner acknowledges that claims three and four were never raised in any post-conviction proceedings. He requests the Court appoint him counsel, grant him an evidentiary hearing, vacate his convictions and sentence, and grant him habeas relief. Respondent has moved to dismiss the Petition as time barred pursuant to 28 U.S.C. § 2244(d)(1).

For the reasons discussed below. Petitioner's habeas action is time barred. Thus, the Court recommends Respondent's Motion to Dismiss (Doc. No. 8) be granted.

## II. Discussion

3

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the prisoner is entitled to appeal his state conviction to the United States Supreme Court, the judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," *or*, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The Arkansas Court of Appeals affirmed Petitioner's conviction on November 14, 2012. Petitioner did not seek review in the Arkansas Supreme Court, but he had eighteen calendar days to do so. See Ark. Sup. Ct. R. 2-4(a)(a petition to review a decision of the court of appeals "must be filed within 18 calendar days from the date of the decision...."). When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." See Ark. R. App. P.—Crim. R. 17. Eighteen days from November 12 was December 2. In 2012, December 2 fell on a Sunday; thus, the last day for Petitioner to seek review was Monday, December 3. On December 3, 2012, Petitioner's conviction became final, and the statute of limitations began to run. Petitioner had until December 3, 2013, to file his federal habeas petition. He filed this petition on February 20, 2020, well after the statute of limitations had expired. Therefore, the petition is untimely unless Petitioner can show he is entitled to tolling.

1. <u>Statutory Tolling</u>

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the petition "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Petitioner never sought post-conviction relief; thus, no statutory tolling applies here. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.").

2. <u>Equitable Tolling</u>

There is likewise no basis for equitable tolling.  A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).  The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner's family retained counsel to review his case for possible post-conviction relief.  That attorney never filed anything on his behalf.  He claims this counsel "impeded his compliance" for seeking such relief; however, neither his pro se status, lack of knowledge,

nor counsel's failure to file create such extraordinary circumstances so as to warrant tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007); *Jihad v. Hvass*, 267 F.3d 803, 805-807 (8th Cir. 2001).  Petitioner has filed to show he pursued his rights diligently.  As noted by Respondent, Petitioner's parents hired counsel to review his case in January 2013, yet there was no follow-up until February 3, 2016, well after the time for seeking any review had already expired (Doc. No. 2, pp. 100-103).  Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner contends his untimeliness should be excused due to his actual innocence. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518 (2006], or ... expiration of the statute of limitations."  The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id*. (citing *Schlup*, 513 U.S. at 329; *House*, 547 U.S. at 538)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence."  *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-953 (8 th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). Petitioner's actual-innocence claim fails because he has come forward with

no new evidence to support his actual innocence, much less "new reliable evidence." Petitioner presents a 2014 affidavit by his nephew Carlton Cole who testified at his trial that Petitioner admitted to him that he used drugs with Watson, the victim, and had sexual intercourse with her. In the affidavit, Cole now claims no knowledge of Petitioner raping Watson (Doc. No. 2, p. 50). This affidavit, however, does not meet the exacting standard of *Schlup*, showing more likely than not no jury would have found him guilty. Moreover, the affidavit does not support Petitioner's actual innocence. The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012), *cert. denied*, 571 U.S. 831 (2013) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"). Finally, there was ample other evidence, absent Cole's testimony, to support Petitioner's conviction.

### III. Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provide a basis for issuing a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 8) be GRANTED.  IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 30th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE